### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN
### CIVIL ACTION NO. 1:25CV-P106-JHM

**MARLON R. JACKSON**                                              **PLAINTIFF**

**v.**

**WARREN COUNTY** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Marlon R. Jackson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff filed the instant action on August 5, 2025.[1] He sues Warren County and the City of Bowling Green, KY. He states that he was transported to the Warren County Regional Jail (WCRJ) in "November of 2023" and "was asked to remove the bead and seashells in my hair as they could pose as a weapon were I to get in a fight." He asserts, "I explained to jail staff that the beads and seashells are permanently knotted into my hair making them a part of my body and to remove them I'd have to cut my hair which was against my religious beliefs." Plaintiff further states as follows:

> They demanded I cuff up and was placed in a body wrap and put into a full restraint chair for hours. At no time did I get verbally or physically abusive to warrant such treatment. I was placed in a dry observation cell for sometime where I requested to see the Jailer, an officer showed up saying he was the best I was going to get. I asked if he approved this treatment he [illegible] it and they had officers to wheel me into the gym for some unknown reason.

---

[1] Under the prison mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

Plaintiff reports that he spent hours in the restraint chair and his shoulder was in severe pain.  He asked to see medical, and a nurse came.  Plaintiff states that he explained to her that he had had surgeries on his shoulder and that he was in pain.  He asserts that officers repeated their request that he agree to cut his hair.  He reports that he lost consciousness and was "in obvious distress" when a nurse spoke up for him and officers removed the restraints and placed him in a "dry observation cell" for five days until he was transported back to Simpson County.  He also states that a lieutenant "brought a letter opener to the observation cell I was housed in offering to cut my hair so that I could go to a regular dorm but I politely declined."  Plaintiff states that he has been moved back to WCRJ since this incident "and officers have not made the same mistake."

Plaintiff alleges that WCRJ officers subjected him to excessive force and cruel and unusual punishment.  As relief, he seeks compensatory and punitive damages.[2]

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain

---

[2] In the complaint form, Plaintiff indicates that he filed a previous lawsuit dealing with the same facts involved in this action, listing the case number as No. 1:23-CV-P164-JHM.  The Court's records show that action was dismissed for failure to prosecute on November 20, 2024.  Plaintiff did not file a motion to reopen that action.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). The statute of limitations begins to run "when the reasonable person knows, or in the exercise of due diligence should have known, both

his injury and the cause of that injury." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (quoting *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010)); *see also Robinson v. Butler Cnty.*, *KY*, No. 21-5536, 2022 U.S. App. LEXIS 34938, at *5-6 (6th Cir. Dec. 16, 2022). "[T]he Court looks to what event should have alerted the typical lay person to protect his or her rights." *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (internal citations omitted).

Plaintiff alleges that the excessive force incident alleged in the complaint occurred in "November of 2023" when he was transported to WCRJ. The Court will broadly construe the complaint as alleging that Plaintiff was subjected to excessive force for the next five days while he was placed in an observation cell. The latest the alleged events could have occurred was December 5, 2023. Therefore, Plaintiff's excessive force claims accrued on the date of the alleged events, December 5, 2023, at the latest, which is the date Plaintiff knew or should have known his injury and the cause of the injury. The complaint was not filed until August 5, 2024, eight months after the expiration of the statute of limitations. Therefore, the Court finds that it is obvious on the face of the complaint that Plaintiff's § 1983 claims alleged in the complaint are untimely, and these claims must be dismissed as frivolous.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:    December 18, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010

4